**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **WATCH SKINS CORPORATION,** | **Civil Action No. 2:25 CV 284** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL REQUESTED** |
| **LVMH MOËT HENNESSY LOUIS VUITTON SE, LVMH MOËT HENNESSY LOUIS VUITTON INC., TAG HEUER SA, LVMH WATCH & JEWELRY USA, INC.,** | |
| **Defendants.** | |

## COMPLAINT

1.       Plaintiff WATCH SKINS CORPORATION ("Watch Skins" or "Plaintiff"), by and through its undersigned counsel McKool Smith, P.C., files this Complaint against Defendants LVMH Moët Hennessy Louis Vuitton SE ("LVMH SE"), LVMH Moët Hennessy Louis Vuitton Inc. ("LVMH Inc."), TAG Heuer SA, and LVMH Watch & Jewelry USA, Inc. (collectively, "TAG Heuer" or "Defendants") and alleges as follows.

## NATURE OF THE ACTION

2.       This is an action for patent infringement arising from Defendants' misappropriation of Watch Skins' pioneering NFT display technology.

3.       Watch Skins developed a groundbreaking platform that let owners of non-fungible tokens, or NFTs, display their uniquely owned artworks on watches in a verifiable way, and to easily and securely buy and sell NFTs.

4.       Defendants' connected smartwatches infringe Watch Skins' patented technology.

1

## PARTIES

5.     Plaintiff WATCH SKINS CORPORATION is a corporation organized and existing under the laws of Puerto Rico, with its principal place of business at 165 Ponce de Leon Ave., Ste 201, San Juan, PR 00917.

6.     Defendant LVMH Moët Hennessy Louis Vuitton SE is a French corporation with its principal place of business at 22 Avenue Montaigne, 75008 Paris, France. LVMH can be served through the Hague Convention.  LVMH SE is a leading manufacturer and seller of watches and other luxury goods around the world and in the United States.  LVMH SE does business in Texas and in the Eastern District of Texas, directly or through intermediaries, including at a Louis Vuitton retail store at Legacy West in Plano, Texas, and through other retail outlets in the Eastern District of Texas.

7.     Defendant LVMH Moët Hennessy Louis Vuitton Inc. is a Delaware corporation with its principal place of business at LVMH Tower, 19 E 57th St, New York, NY 10022.  LVMH Inc. does business in Texas and in the Eastern District of Texas, directly or through intermediaries, including at a Louis Vuitton retail store at Legacy West in Plano, Texas, and through other retail outlets in the Eastern District of Texas.

8.     Defendant TAG Heuer SA is a Swiss corporation with its principal place of business at 6A Rue Louis-Joseph Chevrolet, 2300 La Chaux-de-Fonds, Switzerland. TAG Heuer SA can be served through the Hague Convention.

9.     Defendant LVMH Watch & Jewelry USA, Inc., is a Delaware corporation with its principal place of business at 966 S Springfield Ave, Springfield, NJ 07081. TAG Heuer USA, Inc. can be served through its registered agent, The Prentice-Hall Corporation System, Inc., 251 Little Falls Drive, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over Watch Skins' patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq.

11.     This Court has personal jurisdiction over all Defendants because they have committed acts of patent infringement in Texas and this District, and/or have purposefully directed their activities at Texas and this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

13.     Defendants LVMH Moët Hennessy Louis Vuitton Inc. and LVMH Watch & Jewelry USA, Inc. maintain a regular and established place of business in this District.  For example, the Legacy West shopping center in Plano, Texas, in this district, includes Tiffany and Co. and Louis Vuitton boutiques, where LVMH Moët Hennessy Louis Vuitton Inc. and LVMH Watch & Jewelry USA do regular business.





Ex. A, https://www.legacywest.com/all

3



Ex. B, https://www.tiffany.com/jewelry-stores/legacy-west/



Ex. C, https://us.louisvuitton.com/eng-us/point-of-sale/usa/louis-vuitton-plano-legacy-west

14.     Tiffany and Co. is a part of LVMH, and more specifically, LVMH Watches and Jewelry.

## *LVMH completes the acquisition of Tiffany & Co.*

Paris and New York,
January 7th, 2021

LVMH Moët Hennessy Louis Vuitton SE, the world's leading luxury products group, announced today that it has completed the acquisition of Tiffany & Co. (NYSE: TIF), the global luxury jeweler. The acquisition of this iconic US jeweler will deeply transform LVMH's Watches & Jewelry division and complement LVMH's 75 distinguished Maisons.

Ex. D, https://lvmh-com.cdn.prismic.io/lvmh-com/Zn16aR5LeNNTwmal_lvmh-press-release-7-jan-2021.pdf

15.     A substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendants sell their TAG Heuer Connected Calibre smartwatches in a variety of retail outlets in the Eastern District of Texas, including PGA Super Store, Jared, and Watches of Switzerland.



Ex. E, https://www.tagheuer.com/us/en/stores/

16.     Venue is proper in this District for the other Defendants pursuant to 28 U.S.C. § 1391 because those defendants are not residents of the United States, and thus may be sued in any judicial district in the United States under 28 U.S.C. § 1391(c)(3).  Alternatively, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants have committed acts of infringement in this District and have a regular and established place of business in this District.

## FACTUAL BACKGROUND

### A.    Watch Skins' Innovation and Patent Portfolio

17.    Watch Skins is a pioneer in NFT display technology, having developed and patented groundbreaking innovations in this field beginning in 2018.

18.    On November 29, 2018, Watch Skins filed its first provisional patent application 62/773,064, covering its innovative NFT display technology.

19.    On July 23, 2019, Watch Skins filed Patent Application No. 16/520,246, claiming priority to that provisional application, which later issued as U.S. Patent No. 11,250,399 ("the '399 Patent").

20.    On January 5, 2020, Watch Skins publicly unveiled its groundbreaking technology at the Consumer Electronics Show (CES) in Las Vegas, receiving significant media coverage and industry recognition.

21.    Watch Skins continued to innovate and protect its intellectual property, filing additional patent applications that resulted in the issuance of U.S. Patent Nos. 11,263,607 (filed March 16, 2021), 11,822,296 (filed July 2, 2021),

22.    On May 21, 2021, Watch Skins publicly announced the launch of its wearable NFT marketplace.

### B.    Defendants' Accused Products

23.    In June 2022, TAG Heuer announced its TAG Heuer Connected Calibre E4 product, which "allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity." Ex. F (https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/).

24.     TAG Heuer explains that "[t]his novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces." Ex. F (https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/)

## WATCH SKINS' ASSERTED PATENTS

25.     Watch Skins asserts three patents in this Complaint: U.S. Patent Nos. 11,250,399; 11,263,607; and 11,822,296 (collectively, the "Asserted Patents").

26.     U.S. Patent No. 11,250,399 (the "'399 patent") is entitled "Watch Skins Selection Application with Blockchain Token" and issued on February 15, 2022.  A true and correct copy of the '399 patent is attached as Exhibit A to this Complaint.  Watch Skins is the owner of all rights, title, and interest in and to the '399 patent, with the full and exclusive right to bring suit to enforce the '399 patent, including the right to recover for past infringement.  The '399 patent is valid and enforceable under United States patent laws.

27.     U.S. Patent No. 11,263,607 (the "'607 patent") is entitled "Watch Skins Selection Application with Blockchain Token" and issued on March 1, 2022.  A true and correct copy of the '607 patent is attached as Exhibit B to this Complaint.  Watch Skins is the owner of all rights, title, and interest in and to the '607 patent, with the full and exclusive right to bring suit to enforce the '607 patent, including the right to recover for past infringement.  The '607 patent is valid and enforceable under United States patent laws.

28.     U.S. Patent No. 11,822,296 (the "'296 patent") is entitled "Systems And Methods For Creating A Customized Watch Face And Retrieving the Watch Face To Be Displayed" and issued on November 21, 2023.  A true and correct copy of the '296 patent is attached as Exhibit C to this Complaint.  Watch Skins is the owner of all rights, title, and interest in and to the '296 patent, with the full and exclusive right to bring suit to enforce the '296 patent, including the right

to recover for past infringement.  The '296 patent is valid and enforceable under United States patent laws.

29.     The claims of the Asserted Patents are directed to patent-eligible, non-abstract ideas.  They address, among other things, specific improvements for improving the operation of watches and for guaranteeing the authenticity of information displayed on the watches.  Watch Skins' Asserted Patents claim, among other things, a specific implementation of a solution to a problem in the design of smart watches.  For example, the patents identify numerous specific advantages of using a cryptographic code to authenticate the watch faces, including certifiability, traceability, transferability, integrity, prevention of tampering, authentication, and repudiation. *See, e.g.*, Ex. A, '399 patent at 4:65-5:10; Ex. B, '607 patent at 5:1-13; Ex. C, '296 patent at 5:17-21.  Further, the claimed technologies cannot be performed as mental steps by a human, nor do they represent the application of a generic computer to any well-known method of organizing human behavior.

30.     The Asserted Patents claim inventive concepts that are significantly more than any patent-ineligible, abstract idea.  In particular, the claimed technologies, including individual limitations as well as ordered combinations of limitations, were not well-understood, routine, or conventional, and cover multiple advantages, and combinations of advantages, that were not well-understood, routine, or conventional.  *See, e.g.*, Ex. A, '399 patent at 5:41-6:55; Ex. B, '607 patent at 5:43-6:49; Ex. C, '296 patent at 5:65-8:34.

## CAUSES OF ACTION

## CLAIMS FOR PATENT INFRINGEMENT

31.     Watch Skins incorporates by reference the preceding paragraphs as though fully set forth herein.

32.     Watch Skins owns all right, title, and interest in U.S. Patent Nos. 11,250,399, 11,263,607, and 11,822,296 (collectively, the "Patents-in-Suit").

33.     The Patents-in-Suit are valid and enforceable.

34.     As detailed below, each element of at least one claim of each of the Patents-in-Suit is literally present in the Accused Instrumentalities.  To the extent that any element is not literally present, each such element is present under the doctrine of equivalents. Plaintiff's analysis below should not be taken as an admission that the preamble of the claims is limiting. While publicly available information is cited below, Plaintiff may rely on other forms of evidence to show infringement.

35.     The Accused Instrumentalities include at least the TAG Heuer Connected Calibre E3 Smartwatch and TAG Heuer Connected Calibre E4 Smartwatch, as well as products and services with reasonably similar functionality, including all TAG Heuer watches with NFT viewer functionality.

36.     Further identification of the Accused Instrumentalities will be provided with Plaintiff's infringement contentions pursuant to the Court's scheduling order and local rules.

37.     In accordance with 35 U.S.C. § 287, Defendants have had actual notice and knowledge of all of the Patents-in-Suit no later than the filing of this complaint and/or the date this complaint was served.  Further, Watch Skins has marked its website and products with the numbers of its issued U.S. Patents since June 2022..   On information and belief, Defendants continue without license to make, use, import/export into/from, market, offer for sale, and/or sell in the United States products that infringe the Patents-in-Suit.

38.     Defendants have directly infringed and continue to directly infringe the Patents-in-Suit by engaging in acts constituting infringement under 35 U.S.C. § 271.

39.     On information and belief, Defendants make, use, sell, and/or offer to sell Accused Instrumentalities and/or components thereof in this district and elsewhere in the United States.

40.     On information and belief, Defendants import Accused Instrumentalities and/or components into the United States.

41.     Defendants test the Accused Instrumentalities in the United States, thereby infringing the Patents-in-Suit. On information and belief, Defendants use the Accused Instrumentalities, in this district, thus infringing the Patents-in-Suit.

42.     Defendants' acts of infringement have caused damage to Watch Skins. Watch Skins is entitled to recover from Defendants the damages sustained by Watch Skins as a result of Defendants' wrongful acts in an amount subject to proof at trial.

43.     In the interest of providing detailed averments of infringement, Watch Skins has identified below at least one claim per patent to demonstrate infringement. However, the selection of claims should not be considered limiting; additional claims of the Patents-in-Suit that are infringed by Defendants will be disclosed in compliance with the Court's rules related to infringement contentions.    Further, Watch Skins has provided exemplary evidence of infringement, however, this evidence should not be considered limiting; additional evidence demonstrating the claims of the Patents-in-Suit that are infringed by Defendants will be disclosed in compliance with the Court's rules related to infringement contentions and expert reports.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,250,399

44.     Watch Skins incorporates by reference the preceding paragraphs as though fully set forth herein.

45.     Defendants infringe the '399 Patent by making, using, operating, providing, selling, offering for sale, and/or importing into the United States the Accused Instrumentalities that are covered by one or more claims of the '399 Patent.

46.     The Accused Instrumentalities directly infringe, literally and/or by the doctrine of equivalents, one or more claims of the '399 Patent.  Defendants make, use, operate, provide, sell, offer for sale, and/or import, in this District and elsewhere in the United States, the Accused Instrumentalities and thus directly infringe claims of the '399 Patent.

47.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '399 Patent in violation of 35 U.S.C. § 271(b). Through the marking of Watch Skins' products, and through at least the filing and service of this Complaint, Defendants have had knowledge of the '399 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '399 Patent, Defendants continue to actively encourage and instruct their customers (for example, through user manuals and technical documentation) to use the Accused Instrumentalities in ways that directly infringe the '399 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '399 Patent, thereby specifically intending for and inducing its customers to infringe the '399 Patent through the customers' normal and customary use of the Accused Instrumentalities.

48.     For example, Claim 1 of the '399 Patent is reproduced below:

1. An electronic watch system, comprising:

a watch device, having a housing, a display face, and a memory storing information for displaying on the display face; and

a processor, storing a cryptographic code associated with the information for displaying on the display face,

and the processor controlling the information to be displayed on the display face responsive to the cryptographic code associated with the information for displaying on the display face indicating exclusive ownership of the information to be displayed on the display face,

and the processor controlling the information and not allowing the information to be displayed on the display face responsive to the cryptographic code associated with the

information for displaying on the display face not indicating exclusive ownership of the information to be displayed on the display face.

49.     For example and as shown below, the Accused Instrumentalities infringe at least claim 1 of the '399 patent. As shown below by exemplary evidence, to the extent the preamble is limiting, the TAG Heuer Connected Calibre E4 Smartwatch is an electronic watch system.





Ex.    G,    https://www.tagheuer.com/us/en/smartwatches/collections/tag-heuer-connected/42-mm/SBR8010.BC6608.html

50.     The Accused Instrumentalities include a watch device, having a housing, a display face, and a memory storing information for displaying on the display face.  For example, the TAG Heuer Connected Calibre E4 Smartwatch includes a case, a display, and a processor with memory to store information that is displayed on the watch's display.





Ex.     G,     https://www.tagheuer.com/us/en/smartwatches/collections/tag-heuer-connected/42-mm/SBR8010.BC6608.html

51.     The Accused Instrumentalities include a processor, storing a cryptographic code associated with the information for displaying on the display face.  For example, the processor is connected to a crypto wallet to guarantee the authenticity of NFT artworks to be displayed on the watch face.

## NFTS, MEET THE TAG CONNECTED CALIBRE E4

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

14

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

52. In the Accused Instrumentalities, the processor controls the information to be displayed on the display face responsive to the cryptographic code associated with the information for displaying on the display face indicating exclusive ownership of the information to be displayed on the display face. For example, the watch connects to a user's crypto wallet to guarantee authenticity of works displayed.

## NFTS, MEET THE TAG CONNECTED CALIBRE E4

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

## THE NEW FACES OF THE FUTURE

With this new feature, you can transfer multiple NFTs to the new Lens watch face via a paired smartphone. The watch face has three unique ways of displaying time while showcasing your favorite NFT artworks. This includes a conceptual design with a triangle and a circle representing hours and minutes. You can securely connect to various crypto wallets like Metamask or Ledger Live, and select the NFTs you want to display on your watch. You can also resize the images, so they fit on your smartwatch's round screen.

The new TAG Heuer Connected Calibre E4 offers the perfect platform to view these artworks whose ownership is secured by blockchain technology. Thanks to a high contrast ratio, the smartwatch's industry-leading screen is clear even in strong sunlight. And high fidelity color reproduction means your NFTs are displayed just as the creators intended.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

53.    In the Accused Instrumentalities, the processor controls the information and does not allow the information to be displayed on the display face responsive to the cryptographic code associated with the information for displaying on the display face not indicating exclusive ownership of the information to be displayed on the display face.  For example, in the Connected Calibre E4 smartwatch, when a user's linked crypto wallet no longer owns the NFT, the watch does not allow the NFT artwork to be displayed.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,263,607

54.    Watch Skins incorporates by reference the preceding paragraphs as though fully set forth herein.

55.    Defendants infringe the '607 Patent by making, using, operating, providing, selling, offering for sale, and/or importing into the United States the Accused Instrumentalities that are covered by one or more claims of the '607 Patent.

56.    The Accused Instrumentalities directly infringe, literally and/or by the doctrine of equivalents, one or more claims of the '607 Patent.  Defendants make, use, operate, provide, sell, offer for sale, and/or import, in this District and elsewhere in the United States, the Accused Instrumentalities and thus directly infringe claims of the '607 Patent.

57.    Defendants also knowingly and intentionally induce infringement of one or more claims of the '607 Patent in violation of 35 U.S.C. § 271(b). Through the marking of Watch Skins' products, and through at least the filing and service of this Complaint, Defendants have had knowledge of the '607 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '607 Patent, Defendants continue to actively encourage and instruct their customers (for example, through user manuals and technical documentation) to use the Accused Instrumentalities in ways that directly infringe the '607 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also

continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '607 Patent, thereby specifically intending for and inducing its customers to infringe the '607 Patent through the customers' normal and customary use of the Accused Instrumentalities.

58.    For example, Claim 1 of the '607 Patent is reproduced below:

1. An electronic watch system, comprising:

a watch display carried by a wearable watch device, the watch display being configured to display visual content; and

one or more processors configured by the machine readable code to:

receive a user request from a user to present a watch face on the watch display;

verify that a blockchain wallet associated with the user holds a cryptographic token associated with the watch face, wherein the cryptographic token indicates exclusive ownership of the watch face;

responsive to verification that the blockchain wallet holds the cryptographic token associated with the watch face, effectuate presentation of the watch face on the watch display, wherein the verification that the blockchain wallet holds the cryptographic token indicates the user has exclusive ownership of the watch face; and

responsive to failure of verification that the blockchain wallet holds the cryptographic token associated with the watch face, prevent presentation of the watch face on the watch display, wherein failure of verification that the blockchain wallet holds the cryptographic token indicates the user does not have exclusive ownership of the watch face.

59.    For example and as shown below, the Accused Instrumentalities infringe at least claim 1 of the '607 patent. As shown below by exemplary evidence, to the extent the preamble is limiting, the TAG Heuer Connected Calibre E4 Smartwatch is an electronic watch system.





**TECHNICAL SPECIFICATIONS**

CASE

STRAP/BRACELET

BATTERY

CONNECTIVITY

| | |
|---|---|
| **Sensors** | **Operating system** |
| Heart rate, Compass, Microphone, Barometer | Wear OS by Google |
| **Compatibility** | **Pre-installed apps & Features** |
| Android™ 8.0 + (excluding Go edition) / iOS 15.0 +* | TAG Heuer Golf, TAG Heuer Sports (Running, Cycling, Fitness, Swimming, other sports), TAG Heuer Wellness, NFT Viewer*** |
| **Connectivity** | **SAR** |
| Wi-Fi, Bluetooth 5.0, NFC, GNSS | 0.8440 W/kg |

PROCESSOR

DISPLAY

Ex.    G,    https://www.tagheuer.com/us/en/smartwatches/collections/tag-heuer-connected/42-mm/SBR8010.BC6608.html

60.    The Accused Instrumentalities include a processor configured to receive a user request from a user to present a watch face on the watch display.  For example, the TAG Heuer Connected Calibre E4 smartwatch is configured such that the user may request that an NFT be displayed on the display.

## THE NEW FACES OF THE FUTURE

With this new feature, you can transfer multiple NFTs to the new Lens watch face via a paired smartphone. The watch face has three unique ways of displaying time while showcasing your favorite NFT artworks. This includes a conceptual design with a triangle and a circle representing hours and minutes. You can securely connect to various crypto wallets like Metamask or Ledger Live, and select the NFTs you want to display on your watch. You can also resize the images, so they fit on your smartwatch's round screen.

The new TAG Heuer Connected Calibre E4 offers the perfect platform to view these artworks whose ownership is secured by blockchain technology. Thanks to a high contrast ratio, the smartwatch's industry-leading screen is clear even in strong sunlight. And high fidelity color reproduction means your NFTs are displayed just as the creators intended.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

       61.    The Accused Instrumentalities include a processor configured to verify that a blockchain wallet associated with the user holds a cryptographic token associated with the watch face, wherein the cryptographic token indicates exclusive ownership of the watch face.  For example, the TAG Heuer Connected Calibre E4 smartwatch is configured to connect to an Ethereum crypto wallet to guarantee authenticity; ownership of an NFT in the cryptographic wallet connotes exclusive ownership.

## NFTS, MEET THE TAG CONNECTED CALIBRE E4

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

**Which blockchains are supported by the TAG Heuer Connected Watch\*?**

The NFTs are displayed via the watchface Lens, only available for the Connected Watch Calibre E3 and Calibre E4.

TAG Heuer Connected Watch currently only support the Ethereum blockchain.

Ex. H, https://faq.tagheuer.com/articles/en_US/FAQ/Which-blockchains-are-supported-by-the-TAG-Heuer-Connected-Watch

62.    The Accused Instrumentalities include a processor configured to, responsive to verification that the blockchain wallet holds the cryptographic token associated with the watch face, effectuate presentation of the watch face on the watch display, wherein the verification that the blockchain wallet holds the cryptographic token indicates the user has exclusive ownership of the watch face.  For example, the TAG Heuer Connected Calibre E4 smartwatch is configured to connect to a crypto wallet to guarantee authenticity.

**NFTS, MEET THE TAG CONNECTED CALIBRE E4**

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

63.    The Accused Instrumentalities include a processor configured to, responsive to failure of verification that the blockchain wallet holds the cryptographic token associated with the

watch face, prevent presentation of the watch face on the watch display, wherein failure of verification that the blockchain wallet holds the cryptographic token indicates the user does not have exclusive ownership of the watch face.  For example, the TAG Heuer Connected Calibre E4 smartwatch is configured such that when a user's linked crypto wallet no longer owns the NFT, the watch does not allow the NFT artwork to be displayed. Ex. I (https://faq.tagheuer.com/articles/en_US/FAQ/Why-my-NFT-does-not-appear-in-the-TAG-Heuer-Connected-app)

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,822,296

64.     Watch Skins incorporates by reference the preceding paragraphs as though fully set forth herein.

65.     Defendants infringe the '296 Patent by making, using, operating, providing, selling, offering for sale, and/or importing into the United States the Accused Instrumentalities that are covered by one or more claims of the '296 Patent.

66.     The Accused Instrumentalities directly infringe, literally and/or by the doctrine of equivalents, one or more claims of the '296 Patent.  Defendants make, use, operate, provide, sell, offer for sale, and/or import, in this District and elsewhere in the United States, the Accused Instrumentalities and thus directly infringe claims of the '296 Patent.

67.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '296 Patent in violation of 35 U.S.C. § 271(b). Through the marking of Watch Skins' products, and through at least the filing and service of this Complaint, Defendants have had knowledge of the '296 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '296 Patent, Defendants continue to actively encourage and instruct their customers (for example, through user manuals and technical documentation) to use the Accused Instrumentalities in ways that directly infringe the '296 Patent. Defendants do so knowing and

intending that their customers and end users will commit these infringing acts. Defendants also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '296 Patent, thereby specifically intending for and inducing its customers to infringe the '296 Patent through the customers' normal and customary use of the Accused Instrumentalities.

68.     For example, Claim 1 of the '296 Patent is reproduced below:

1. A system configured to retrieve a customized watch face to be displayed, the system comprising:

> one or more processors configured by machine readable instructions to:

> receive a display request to display the watch face on a watch screen, wherein the display request indicates the specific watch face and a user associated with the watch screen;

> responsive to receiving the display request, determine whether a user wallet for a decentralized ledger holds a non-fungible token associated with the specific watch face, the user wallet being associated with the user;

> responsive to the user wallet holding the non-fungible token associated with the watch face, facilitate display of the watch face on the watch screen, wherein facilitating display of the watch face includes initiating transmission of information to the watch screen that causes the watch screen to display the watch face; and

> responsive to the user wallet not holding the non-fungible token associated with the watch face, take no further action to facilitate display of the watch face on the watch screen such that the watch face is not displayed on the watch screen.

69.     For example and as shown below, the Accused Instrumentalities infringe at least claim 1 of the '296 patent. As shown below by exemplary evidence, to the extent the preamble is limiting, the TAG Heuer Connected Calibre E4 Smartwatch is a system configured to retrieve a customized watch face to be displayed.



**TECHNICAL SPECIFICATIONS**



| CASE | ⌄ |
| --- | --- |
| STRAP/BRACELET | ⌄ |
| BATTERY | ⌄ |
| CONNECTIVITY | ⌃ |

**Sensors**
Heart rate, Compass, Microphone, Barometer

**Operating system**
Wear OS by Google

**Compatibility**
Android™ 8.0 + (excluding Go edition) / iOS 15.0 +*

**Pre-installed apps & Features**
TAG Heuer Golf, TAG Heuer Sports (Running, Cycling, Fitness, Swimming, other sports), TAG Heuer Wellness, NFT Viewer***

**Connectivity**
Wi-Fi, Bluetooth 5.0, NFC, GNSS

**SAR**
0.8440 W/kg

| PROCESSOR | ⌄ |
| --- | --- |
| DISPLAY | ⌄ |

Ex.     G,     https://www.tagheuer.com/us/en/smartwatches/collections/tag-heuer-connected/42-mm/SBR8010.BC6608.html

## NFTS, MEET THE TAG CONNECTED CALIBRE E4

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

70.    The Accused Instrumentalities include one or more processors configured by machine readable instructions.    For example, the TAG Heuer Connected Calibre E4 has a processor and Wear OS software.



**TECHNICAL SPECIFICATIONS**

CASE ⌄

STRAP/BRACELET ⌄

BATTERY ⌄

CONNECTIVITY ⌄

PROCESSOR ⌃

**Chipset**
Qualcomm® Snapdragon Wear™ 4100+

DISPLAY ⌄

REFERENCE NUMBER ⌄





Ex.    G,    https://www.tagheuer.com/us/en/smartwatches/collections/tag-heuer-connected/42-mm/SBR8010.BC6608.html

71.    The Accused Instrumentalities include one or more processors configured to receive a display request to display the watch face on a watch screen, wherein the display request indicates the specific watch face and a user associated with the watch screen.  For example, the TAG Heuer Connected Calibre E4 has a processor configured to allow a user to connect to that user's crypto wallet and select a watch face to display.

## THE NEW FACES OF THE FUTURE

With this new feature, you can transfer multiple NFTs to the new Lens watch face via a paired smartphone. The watch face has three unique ways of displaying time while showcasing your favorite NFT artworks. This includes a conceptual design with a triangle and a circle representing hours and minutes. You can securely connect to various crypto wallets like Metamask or Ledger Live, and select the NFTs you want to display on your watch. You can also resize the images, so they fit on your smartwatch's round screen.

The new TAG Heuer Connected Calibre E4 offers the perfect platform to view these artworks whose ownership is secured by blockchain technology. Thanks to a high contrast ratio, the smartwatch's industry-leading screen is clear even in strong sunlight. And high fidelity color reproduction means your NFTs are displayed just as the creators intended.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

# Use Google Accounts on your watch

The first time you set up Wear OS on your watch, you'll be guided to sign into a Google Account. You'll get notifications, share contacts, and sync apps from this account, unless you change it later.

**Important:**

- The steps below let you add a personal Google Account to your watch.
- You can't add a Google Workspace Account that has "Device Management" turned on. If you want to use a Google Workspace Account on your watch, you must turn off "Device Management." Learn more about device management for Google Workspace Accounts.

Ex. J, https://support.google.com/wearos/answer/7294653

72.    The Accused Instrumentalities include one or more processors configured to, responsive to receiving the display request, determine whether a user wallet for a decentralized ledger holds a non-fungible token associated with the specific watch face, the user wallet being associated with the user.

73.    For example, in the TAG Heuer Connected Calibre E4, the watch connects to a user's crypto wallet to guarantee authenticity of works displayed.

## NFTS, MEET THE TAG CONNECTED CALIBRE E4

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

## THE NEW FACES OF THE FUTURE

With this new feature, you can transfer multiple NFTs to the new Lens watch face via a paired smartphone. The watch face has three unique ways of displaying time while showcasing your favorite NFT artworks. This includes a conceptual design with a triangle and a circle representing hours and minutes. You can securely connect to various crypto wallets like Metamask or Ledger Live, and select the NFTs you want to display on your watch. You can also resize the images, so they fit on your smartwatch's round screen.

The new TAG Heuer Connected Calibre E4 offers the perfect platform to view these artworks whose ownership is secured by blockchain technology. Thanks to a high contrast ratio, the smartwatch's industry-leading screen is clear even in strong sunlight. And high fidelity color reproduction means your NFTs are displayed just as the creators intended.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

74.    The Accused Instrumentalities include one or more processors configured to, responsive to the user wallet holding the non-fungible token associated with the watch face, facilitate display of the watch face on the watch screen, wherein facilitating display of the watch face includes initiating transmission of information to the watch screen that causes the watch screen to display the watch face.

75.    For example, in the TAG Heuer Connected Calibre E4, the watch allows the NFT to be displayed if owned by the user's crypto wallet.

## NFTS, MEET THE TAG CONNECTED CALIBRE E4

TAG Heuer presents a new way to bring these valuable and highly collectible artworks into the real world. For the first time, they can be worn on your wrist with a verified proof of ownership. The **TAG Heuer Connected Calibre E4** allows you to display NFT artworks on your watch by connecting your crypto wallet to guarantee authenticity. This novel experience is part of TAG Heuer's expanding digital ecosystem of apps and watch faces, created by a team of in-house developers and bearing the brand's trademark design signatures.

## THE NEW FACES OF THE FUTURE

With this new feature, you can transfer multiple NFTs to the new Lens watch face via a paired smartphone. The watch face has three unique ways of displaying time while showcasing your favorite NFT artworks. This includes a conceptual design with a triangle and a circle representing hours and minutes. You can securely connect to various crypto wallets like Metamask or Ledger Live, and select the NFTs you want to display on your watch. You can also resize the images, so they fit on your smartwatch's round screen.

The new TAG Heuer Connected Calibre E4 offers the perfect platform to view these artworks whose ownership is secured by blockchain technology. Thanks to a high contrast ratio, the smartwatch's industry-leading screen is clear even in strong sunlight. And high fidelity color reproduction means your NFTs are displayed just as the creators intended.

Ex. F, https://magazine.tagheuer.com/en/2022/06/15/tag-heuer-connected-the-perfect-match-for-nfts/

76.    The Accused Instrumentalities include one or more processors configured to, responsive to the user wallet not holding the non-fungible token associated with the watch face, take no further action to facilitate display of the watch face on the watch screen such that the watch face is not displayed on the watch screen.

77.    For example, in the TAG Heuer Connected Calibre E4, the watch connects to a user's crypto wallet to guarantee authenticity of works displayed. When a user's linked crypto

wallet does not own or no longer owns the NFT, the watch does not allow the NFT artwork to be displayed.

## REQUEST FOR A JURY TRIAL

78.    Watch Skins requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Watch Skins respectfully requests that this Court enter judgment in its favor as follows and afford Watch Skins the following relief:

I.    find Defendants liable for all claims;

II.    adjudge and declare that Defendants infringe the Asserted Patents;

III.    award actual damages;

IV.    grant permanent injunctive relief;

V.    award attorneys' fees pursuant to 35 U.S.C. § 285, and other applicable law;

VI.     award pre- and post-judgment interest; and

VII.    order an accounting of damages;

VIII.    award such other equitable relief which may be requested and to which Watch Skins is entitled.

Dated: March 10, 2025.                    Respectfully submitted,


                                    _/s/ Jennifer L. Truelove_
                                    _____

                                    Jennifer L. Truelove
                                    Texas Bar No. 24012906
                                    jtruelove@mckoolsmith.com
                                    **MCKOOL SMITH, P.C.**
                                    104 East Houston, Suite 300

Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

Alan L. Whitehurst
D.C. Bar No. 484873
awhitehurst@McKoolSmith.com
Christopher P. McNett
D.C. Bar No. 1500360
cmcnett@McKoolSmith.com
**MCKOOL SMITH, P.C.**
1717 K Street, NW, Suite 100
Washington, DC 20006
Telephone: (202) 221-6267
Facsimile: (212) 402-9444

*Attorneys for Plaintiff Watch Skins
Corporation*